UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEXTER BERRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-810 PS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On September 10, 2002, Dexter Berry, a *pro se* prisoner, was found guilty of battery on an inmate by the Conduct Adjustment Board ("CAB") at the Miami Correctional Facility. As a result, Mr. Berry lost 180 days of good time credit and was demoted from credit class one to credit class two. More than six years later, Mr. Berry filed a habeas corpus petition on December 12, 2006 attempting to challenge multiple CAB rulings. In accordance with the Court's order, on January 22, 2007, Mr. Berry filed an amended petition for writ of habeas corpus challenging the September 10, 2002 hearing.

The date of the hearing being challenged by Berry is not a misprint. It is an oddity, to say the least, that an inmate challenging a prison disciplinary proceeding can bring such a challenge to federal court without the constraints of a statute of limitations. This is because disciplinary boards such as the CAB are not "courts" and their actions are not the "judgment of a State court" as that phrase is used in 28 U.S.C. § 2244(d) which is the limitations provision for state habeas claims. *See Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002). Thus, inmates given a life sentence or even the death penalty must comply with the limitations provision of §

2244(d), while those like Berry who are challenging administrative actions, do not.  Thus, we must consider the merits of his petition, which we deny.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is obligated to review the petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."  *Id*.  This rule provides the Court with a gatekeeping responsibility to sift through habeas petitions and dismiss those petitions which obviously lack merit.  This is one of those cases.

Mr. Berry presents only one ground for his claim.  Mr. Berry asserts that the hearing did not comply with the Adult Disciplinary Procedures ("ADP") because the ADP requires that the facility head approve the CAB's recommended sanctions.  Mr. Berry states that although his Report of the Disciplinary Hearing was signed by the board members, it was never signed by the facility head.  Habeas corpus relief is only available for the violation of the federal constitution or laws.  28 U.S.C. § 2254(a).  This Court cannot grant habeas corpus relief based on the violation of a prison rule.  Therefore in this proceeding, it is not relevant whether these rules were violated. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In addition, due process requires that Mr. Berry receive a written explanation supported by at least "some evidence" in the record for any disciplinary action taken.  *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (citations omitted).  However, there is not a specific form that must be utilized in order to meet the due process requirements.  Mr. Berry received a written report of the disciplinary hearing which provided a written explanation for the decision and the sanctions.  Each of the board members signed the report.  Due process does not require

that the facility head also sign the written findings before the sanctions become final. Thus, no due process violation occurred.

For the foregoing reasons, the habeas corpus petition is **DISMISSED**.

**SO ORDERED.**

ENTERED: February 2, 2007

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
